UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES SAMPSON, ELIZABETH WHEATLEY, SHIRLEY REINHARD ON HER OWN BEHALF AND ON BEHALF OF THE ESTATE OF KENNETH REINHARD, LISA HARDING, JANET BAUER, BARBARA MILLER, CELESTE AND XAVIER SANDOVAL, and DANIELLE LOVELADY RYAN, individually and on behalf of all others similarly situated,<br><br>                Plaintiffs,<br>  v.<br><br>SUBARU OF AMERICA, INC.,<br><br>                Defendant. | Case No. 1:21-cv-10284-ESK-SAK |

**ORDER GRANTING PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT**

WHEREAS, pursuant to Fed. R. Civ. P. ("Rule") 23(a), 23(b)(3), and 23(e), the parties seek entry of an order: preliminarily approving the nationwide class action Settlement of this Action ("Settlement") pursuant to the terms and provisions of the Settlement Agreement dated March 20, 2025, with attached exhibits ("Settlement Agreement"); preliminarily certifying the Settlement Class for settlement purposes only; directing notice to the Settlement Class pursuant to the parties' proposed Notice Plan set forth in the Settlement Agreement; preliminarily

1

appointing class representatives for the Settlement Class, Class Counsel, and the Claim Administrator; directing the timing and procedures for any objections to, and requests for exclusion from, the Settlement; setting forth other procedures, filings, and deadlines; and scheduling the Final Fairness Hearing; and

WHEREAS, this Court has read and carefully considered the Settlement Agreement and its exhibits, Plaintiffs' Unopposed Motion for Preliminary Approval, and the applicable law;

NOW, IT IS HEREBY ORDERED THAT:

1. This Order incorporates by reference the definitions in the Settlement Agreement, and all terms used in this Order shall have the same meanings as set forth in the Settlement Agreement.

2. The Court has jurisdiction over this litigation, Plaintiffs, all Settlement Class Members, Defendant Subaru of America, Inc. ("SOA"), and any party to any agreement that is part of or related to the Settlement.

3. The Court preliminarily approves the Settlement Agreement, and its Settlement terms, as fair, reasonable, and adequate under Rule 23 of the Federal Rules of Civil Procedure, subject to further consideration at the Final Fairness Hearing.

4. The Court preliminarily finds that the proceedings that occurred before the Parties entered into the Settlement Agreement afforded counsel the opportunity

to adequately assess the claims and defenses in the Action, the positions, strengths, weaknesses, risks, and benefits to each party, and as such, to negotiate a Settlement Agreement that is fair, reasonable, and adequate and reflects those considerations.

5. The Court also preliminarily finds that the Settlement Agreement has been reached following vigorous and intensive arm's-length negotiations of disputed claims, including the assistance of an experienced third-party neutral mediator, and that the proposed Settlement is not the result of any collusion.

6. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for settlement purposes only, the following Settlement Class:

> All persons and entities who purchased or leased, in the continental United States, certain model year 2013-2022 Subaru Legacy vehicles; certain model year 2013-2022 Subaru Outback vehicles; certain model year 2015-2023 Subaru Impreza vehicles; certain model year 2015-2023 Subaru Crosstrek vehicles; certain model year 2014-2021 Subaru Forester vehicles; certain model year 2019-2022 Subaru Ascent vehicles; certain model year 2016-2021 Subaru WRX vehicles; and certain model year 2022-2024 Subaru BRZ vehicles, which are specifically designated by Vehicle Identification Number (VIN) in Exhibit 5 to the Settlement Agreement, which were distributed by Subaru of America, Inc. in the continental United States and are equipped with Pre-Collision Braking, Rear Automatic Braking, and/or Lane Keep Assist features of EyeSight (hereinafter, the "Settlement Class").

Excluded from the Settlement Class are: (a) all Judges who have presided over the Actions and their spouses; (b) all current employees, officers, directors, agents and representatives of Defendant, and their family members; (c) any affiliate, parent

3

or subsidiary of Defendant and any entity in which Defendant has a controlling interest; (d) anyone acting as a used car dealer; (e) anyone who purchased a Settlement Class Vehicle for the purpose of commercial resale; (f) anyone who purchased a Settlement Class Vehicle with salvaged title and/or any insurance company that acquired a Settlement Class Vehicle as a result of a total loss; (g) any insurer of a Settlement Class Vehicle; (h) issuers of extended vehicle warranties and service contracts; (i) any Settlement Class Member who, prior to the date of the Settlement Agreement, settled with and released Defendant or any Released Parties from any Released Claims, and (j) any Settlement Class Member who files a timely and proper Request for Exclusion from the Settlement Class that is accepted by the Court.

7. The Court preliminarily appoints Berger Montague PC, Capstone Law APC, and Barrack, Rodos & Bacine as Class Counsel for the Settlement Class. The Court finds that the requirements of Rule 23(g) are satisfied by these appointments. The Court preliminarily appoints, pursuant to Rule 23(a), Plaintiffs James Sampson, Janet Bauer, Lisa Harding, Barbara Miller, Shirley Reinhard, Celeste Sandoval, Xavier Sandoval, Danielle Lovelady Ryan, and Elizabeth Wheatley, as Settlement Class representatives. The Court finds that these Plaintiffs will fairly and adequately represent the interests of the Class.

8. The Court preliminarily appoints JND Legal Administration as the Claim Administrator.

9. The Court preliminarily finds, solely for purposes of the Settlement, that the criteria under Rule 23(a)-(b) for certification of the Settlement Class are satisfied, in that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over individual questions; (c) the claims of the Settlement Class representatives are typical of the claims of the Settlement Class; (d) the Settlement Class representatives and Class Counsel have and will continue to fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to all other available methods for the fair and efficient adjudication of the controversy.

10. The Court finds, pursuant to Rule 23(e)(1)(B), that giving notice to the class is justified and appropriate because the Court will likely be able to approve the Settlement as fair, reasonable, and adequate, and certify the class for purposes of judgment on the proposed Settlement, pursuant to Rule 23(e)(1)(b)(i) and (ii). In addition, the Court finds, pursuant to Rule 23(e)(2)(A)-(D), that the class representatives and class counsel have adequately represented the class, the Settlement was negotiated at arm's length, the relief provided for the class is

adequate, and the proposal herein treats class members equitably relative to each other.

11.  The Court has carefully reviewed and hereby approves the Parties' Notice Plan as set forth in the Settlement Agreement. The Court approves the form and content of the Class Notices, including the postcard Class Notice (Exhibit 2 to the Settlement Agreement) which shall be mailed on an agreed upon date with the Claim Administrator, but in no event more than 120 days after entry of the Preliminary Approval Order, and the long form Class Notice to be available on the Settlement Website (Exhibit 3 to the Settlement Agreement). In addition, the Claim Administrator shall implement a Settlement Website and a toll-free Settlement telephone number as provided for under the Settlement Agreement, and the Court approves the Claim Form (Exhibit 1 to the Settlement Agreement) which will be made available on said Settlement Website. The Court authorizes the Parties to make non-material modifications to the Class Notices and Claim Form prior to mailing if they jointly agree that any such changes are appropriate.

12.  The Court finds that the Parties' Notice Plan satisfies Rule 23, due process, and constitutes the best notice practicable under the circumstances. The Notice Plan is reasonably calculated to apprise the Settlement Class of the pendency of the Action; the certification of the Settlement Class for settlement purposes only; the terms of the Settlement, its benefits, and the release of claims; the Settlement

Class Members' rights, including the right to and the deadlines and procedures for requesting exclusion from the Settlement or objecting to the Settlement; Class Counsel's Fee and Expense Application and the application for class representative service awards; the deadline, procedure, and requirements for submitting a Claim for Reimbursement pursuant to the Settlement terms; the time, place, and right to appear at the Final Fairness Hearing; and other pertinent information.

13. The Court further finds that all the notices are written in simple terminology and are readily understandable by Settlement Class Members. The date and time of the Final Fairness Hearing shall be included in all notices before they are disseminated. The parties, by agreement, may revise the notices in ways that are appropriate to update those notices for purposes of accuracy and clarity, and may adjust the layout of those notices for efficient electronic presentation and mailing. No Settlement Class Member shall be relieved from the terms of the proposed Settlement, including the releases provided for therein, based solely upon the contention that such Settlement Class Member failed to receive adequate or actual notice.

14. Accordingly, the Court approves, and directs the implementation of, the Notice Plan pursuant to the terms of the Settlement Agreement.

15. The Claim Administrator is directed to perform all settlement administration duties set forth in, and pursuant to the terms and time periods of, the

Settlement Agreement, including providing notice pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715, implementing and maintaining the Settlement Website, disseminating the Class Notice in accordance with the Notice Plan, the processing, review and determination of timely submitted and proper Claims for Reimbursement under the Settlement terms, and the submission of any declarations and other materials to counsel and the Court, as well as any other duties required under the Settlement Agreement.

16.     The Departments of Motor Vehicles within the United States and its territories are ordered to provide approval to Polk/IHS Markit, or any other company so retained by the parties and/or the Claim Administrator, to release the names and addresses of Settlement Class Members associated with the titles of the VINs for the Settlement Class Vehicles for the purposes of disseminating the Class Notice to the Settlement Class Members. Polk/IHS Markit, or any other company so retained, is ordered to license, pursuant to agreement between Defendant and Polk/IHS Markit or such other company, and/or the Claim Administrator and Polk/IHS Markit or such other company, the Settlement Class Members' contact information to the Claim Administrator and/or Defendant solely for the use of providing Class Notice and for no other purpose.

17.     Class Counsel and Defense Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the

Settlement that are not materially inconsistent with this Order or the Settlement Agreement, including making, without further approval of the Court, non-material changes to the form or content of the long form Class Notice, postcard Class Notice, the Claim Form, and other exhibits that they jointly agree are reasonable or necessary.

18.     Upon application by the parties, the deadlines set forth in this Order may be extended by order of the Court, without further notice to the Settlement Class. Settlement Class Members must check the Settlement Website regularly for updates and further details regarding extensions of these deadlines. The Court reserves the right to adjourn or continue the Final Fairness Hearing, and/or to extend the deadlines set forth in this Order, without further notice of any kind to the Settlement Class.

19.     Any Settlement Class Member who wishes to be excluded from the Settlement Class must mail, by first-class mail postmarked no later than 30 days after the Notice Date, a written request for exclusion ("Request for Exclusion") to (a) the Claim Administrator at the address specified in the Class Notice, (b) Russell D. Paul, Berger Montague PC, 1818 Market Street, Suite 3600, Philadelphia, PA 19103 on behalf of Class Counsel, and (c) Homer B. Ramsey, Shook, Hardy & Bacon L.L.P., 1 Rockefeller Plaza, Suite 2801, New York, NY 10020 on behalf of Defendant. To be effective, the Request for Exclusion must:

    a. include the Settlement Class Member's full name, address and telephone number;

    b. identify the model, model year and VIN of the Settlement Class Vehicle;

    c. state that he/she/it is or was a present or former owner or lessee of a Settlement Class Vehicle; and

    d. specifically and unambiguously state his/her/its desire to be excluded from the Settlement Class.

20. Any Settlement Class Member who fails to mail a timely and complete Request for Exclusion to the proper addresses shall remain in the Settlement Class and shall be subject to and bound by all determinations, orders, and judgments in the Action concerning the Settlement, including but not limited to the Released Claims set forth in the Settlement Agreement.

21. Any Settlement Class Member who has not submitted a Request for Exclusion may object to the fairness of the Settlement Agreement and/or the requested amount of Class Counsel Fees and Expenses and/or Settlement Class representative service awards.

    a. To object, a Settlement Class Member must either: (i) file any such objection, together with any supporting briefs and/or documents, with the Court either in person at the Clerk's Office of the United

States District Court for the District of New Jersey, located at the Mitchell H. Cohen Building & U.S. Courthouse, 4th & Cooper Streets, Camden, NJ 08101, or (ii) file same in this Action via the Court's electronic filing system, or (iii) if not filed in person or via the Court's electronic system, then, by U.S. first-class mail post-marked within the said 30-day deadline, mail the objection, together with any supporting briefs and/or documents, to the United States District Court for the District of New Jersey, Mitchell H. Cohen Building & U.S. Courthouse, 4th & Cooper Streets, Camden, NJ 08101, and also, by U.S. first-class mail post-marked within said deadline, serve same upon the following counsel for the Parties: Capstone Law APC, Attn: Cody Padgett, 1875 Century Park East, Suite 1000, Los Angeles, California 90067, on behalf of Plaintiffs, and Homer B. Ramsey, Shook, Hardy & Bacon L.L.P., 1 Rockefeller Plaza, Suite 2801, New York, New York 10020, on behalf of Defendant.

b. Any objecting Settlement Class Member must include the following with his/her/its objection: (i) the objector's full name, address, and telephone number; (ii) the model, model year, and VIN of the Settlement Class Vehicle, along with proof that the objector has

owned or leased the Settlement Class Vehicle (i.e., a true copy of a vehicle title, registration, or license receipt); (iii) a written statement of all grounds for the objection accompanied by any legal support for such objection; (iv) copies of any papers, briefs, or other documents upon which the objection is based and are pertinent to the objection; (v) the name and address of any counsel representing said objector; (vi) a statement of whether the objecting Settlement Class Member intends to appear at the Final Fairness Hearing, either with or without counsel, and the identity(ies) of any counsel who will appear on behalf of the Settlement Class Member's objection at the Final Fairness Hearing; and (vii) a list of all other objections submitted by the objector, or the objector's counsel, to any class action settlements submitted in any court in the United States in the previous five years, including the full case name, the jurisdiction in which it was filed, and the docket number. If the Settlement Class Member or his/her/its counsel has not objected to any other class action settlement in the United States in the previous five years, he/she/it shall affirmatively so state in the objection.

c. Subject to the approval of the Court, any Settlement Class Member may appear, in person or by counsel, at the Final Fairness Hearing

to explain why the proposed Settlement should not be approved as fair, reasonable, and adequate, or to object to any motion for Class Counsel Fees and Expenses or Settlement Class representative service awards, or to make any statement in favor of the settlement. In order to appear, any Settlement Class Member must, no later than the objection deadline, file with the Clerk of the Court and serve upon all counsel designated in the Class Notice, a Notice of Intention to Appear at the Final Fairness Hearing. The Notice of Intention to Appear must include copies of any papers, exhibits or other evidence and the identity of all witnesses that the objecting Settlement Class Member (or the objecting Settlement Class Member's counsel) intends to present to the Court in connection with the Final Fairness Hearing. Any Settlement Class Member who does not provide a Notice of Intention to Appear in accordance with the deadline and other requirements set forth in this Order and the Class Notice shall be deemed to have waived any right to appear, in person or by counsel, at the Final Fairness Hearing.

d. Any Settlement Class Member who has not properly filed a timely objection in accordance with the deadline and requirements set forth in this Order shall be deemed to have waived any objections to the

Settlement and any adjudication or review of the Settlement Agreement by appeal or otherwise.

22. In the event the Settlement is not granted final approval by this Court, or for any reason the parties fail to obtain a Final Order and Judgment as contemplated in the Settlement Agreement, or the Settlement is terminated pursuant to its terms for any reason, then the following shall apply:

a. All orders and findings entered in connection with the Settlement shall become null and void and have no further force and effect, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in this or any other proceeding, judicial or otherwise;

b. The parties' respective pre-Settlement claims, defenses, and procedural rights will be preserved, and the parties will be restored to their positions *status quo ante*;

c. Nothing contained in this Order is, or may be construed as, any admission or concession by or against Defendant, Released Parties, or Plaintiffs on any allegation, claim, defense, or point of fact or law in connection with this Action;

d. Neither the Settlement terms nor any publicly disseminated information regarding the Settlement, including, without limitation,

14

> the Class Notice, court filings, orders, and public statements, may be used as evidence in this or any other proceeding, judicial or otherwise; and
>
> e. The preliminary certification of the Settlement Class pursuant to this Order shall be vacated automatically, and the Action shall proceed as though the Settlement Class had never been preliminarily certified.

23. Pending the Final Fairness Hearing and the Court's decision whether to grant final approval of the Settlement, no Settlement Class Member, either directly, representatively, or in any other capacity (including those Settlement Class Members who filed Requests for Exclusion from the Settlement which have not yet been reviewed and approved by the Court at the Final Fairness Hearing), shall commence, prosecute, continue to prosecute, or participate in - against Defendant and/or any of the Released Parties - any action or proceeding in any court or tribunal (judicial, administrative, or otherwise) asserting any of the matters, claims, or causes of action that are to be released in the Settlement Agreement. Pursuant to 28 U.S.C. § 1651(a) and 2283, the Court finds that issuance of this preliminary injunction is necessary and appropriate in aid of the Court's continuing jurisdiction and authority over the Action.

24.     Pending the Final Fairness Hearing and any further determination thereof, this Court shall maintain continuing jurisdiction over these Settlement proceedings.

25.     Based on the foregoing, the Court sets forth below the following schedule for the Final Fairness Hearing and the actions which must precede it. If any deadline set forth in this Order falls on a weekend or federal holiday, then such deadline shall extend to the next business day. These deadlines may be extended by order of the Court, for good cause shown, without further notice to the Class. Settlement Class Members must check the Settlement Website regularly for updates and further details regarding this Settlement and any pertinent dates and deadlines:

| Event | Deadline Pursuant to Settlement Agreement |
|---|---|
| Notice shall be mailed in accordance with the Notice Plan and this Order | July 29, 2025 |
| Class Counsel's Fee and Expense Application and request for service awards for class representatives | August 22, 2025 |
| Objection and Request for Exclusion deadline | August 28, 2025 |
| Plaintiffs' Motion for Final Approval of the Settlement | September 17, 2025 |

| | |
|---|---|
| Claim Administrator shall submit a declaration to the Court (i) reporting the names of all persons and entities that submitted timely and proper Requests for Exclusion; and (ii) attesting that Class Notice was disseminated in accordance with the Settlement Agreement and this Preliminary Approval Order. | September 17, 2025 |
| Responses of any party to timely filed Objections or Requests for Exclusion | October 2, 2025 |
| Any submissions by Defendant concerning Final Approval of Settlement | October 2, 2025 |
| Final Fairness Hearing will be held at U.S. Courthouse, 4th & Cooper Streets, Camden, NJ 08101, Courtroom 4D, Camden, NJ 08101 or by video conference as determined by the Court | November 3, 2025 at 11 a.m. |

26. The Court may modify the dates above if good cause exists, and the Court may adjourn the Final Fairness Hearing without further notice to Settlement Class Members; however, any changes to deadlines shall be posted on the Settlement Website.

27. Pending further order of the Court, all litigation activity and events, except those contemplated by this Order or in the Settlement Agreement, are hereby

STAYED, and all hearings, deadlines, and other proceedings in the Litigation, except the Final Fairness Hearing and the matters set forth in this Order, are VACATED.

SO ORDERED:

Date: __March 31, 2025_____   _____/s/ Edward S. Kiel_____
Honorable Edward S. Kiel
United States District Judge